UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jeffrey E. MacDonald,<br>  *Plaintiff,*<br><br>  v.<br><br>Fay Servicing, LLC,<br>  *Defendant.* | Case No. 20-cv-1994<br><br>Honorable<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Jeffrey E. MacDonald (Plaintiff) brings this action for damages against Defendant Fay Servicing, LLC, (Fay) and alleges the following:

### Venue, Jurisdiction, and Parties

1. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b) because the real property at issue in this suit is within this District and a substantial part of the events or omissions giving rise to the claim occurred here.

2. Subject matter jurisdiction in this Court is proper under 28 U.S.C. § 1331 as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (RESPA). Any and all state law claims that are plead herein or subsequently arise are brought through 28 U.S.C. § 1367.

3. Plaintiff is a natural person who is the owner of the residential property located at and commonly referred to as 5950 N. Kenmore Ave., Chicago, IL 60660 (the Property).

4. Defendant Fay is a Delaware corporation licensed to do business in Illinois, with its principal place of business located at 425 South Financial Place, Suite 200, Chicago, Illinois 60605. Fay's registered agent is Registered Agent Solutions, Inc. located at 901 South 2nd Street, Suite 201, Springfield, Illinois 62704. Fay's primary business is the servicing of mortgage loans across the country, including Illinois.

## FACTS

5. This action is brought to enforce Regulation X, 12 C.F.R. § 1024.1, et seq., implemented by the Consumer Financial Protection Bureau (CFPB) under 12 U.S.C. § 2605(f).

6. Under Regulation X, mortgage servicers are prohibited from failing "to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties." 12 U.S.C. § 2605(k)(1)(C).

7. Mortgage servicers are prohibited from failing "to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of [RESPA]." 12 U.S.C. § 2605(k)(1)(E).

8. Plaintiff alleges claims for relief against Fay for breaches of the specific rules under Regulation X as set forth below.

9. Plaintiff has a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) which provides for actual damages, statutory damages, and attorney's fees and costs.

10.     In 2002, Plaintiff obtained a mortgage loan secured by the Property in the amount of $75,000.

11.     The servicing rights to the Loan were transferred to Statebridge Company, LCC in July, 2014.

12.     While Statebridge serviced the Loan, Plaintiff fell behind on payments, a foreclosure was filed, and Plaintiff reinstated the Loan in April, 2016.

13.     The servicing rights to the Loan were transferred to BSI Financial Services in November, 2016.

14.     While servicing the Loan, BSI Financial Services improperly allocated funds to a suspense account in the amount of $188.84 and incorrectly applied funds to an escrow account. Plaintiff's loan did not have any escrow account: at all relevant times Plaintiff paid the homeowner's insurance and property taxes directly.

15.     Plaintiff sent BSI Financial Services numerous letters and made numerous calls asking BSI to correct its accounting. It did not.

16.     Defendant Fay acquired the servicing rights and began servicing the Loan in May, 2018.

17.     At the time of the transfer to Fay, Plaintiff had made all contractually required payments and was current on his loan.

18.     In fact, as of the date this Complaint is filed, both Plaintiff's records and Fay's records show that Plainitff made one payment on his loan in the amount of $452.26 for each and every month since reinstating his loan in April of 2016.

19. Despite the timely payments reflected in the servicing histories provided by Fay, Defendant Fay began sending Plaintiff letters in July of 2018 indicating it believed Plaintiff was delinquent on the Loan.

20. Throughout 2018 and 2019, Plaintiff made several phone calls to Fay attempting to disabuse them of their incorrect belief that Plaintiff was in default.

21. Fay refused to correct its errors based on those calls, so Plaintiff was forced to put his dispute in writing.

22. On May 25, 2019, Plaintiff sent a letter via Certified Mail to the address Fay designated to receive Qualified Written Requests, Notices of Error, and Requests for Information and to the attention of Fay's Customer Service Department located at PO Box 809441, Chicago, IL 60680-9441.

23. That letter indicated that Fay made a servicing error in the accounting of Plaintiff's loan, and stated:

> **The error is as follows:**
>
> - **When Fay Servicing, LLC took over servicing of the loan, the borrower was current.**
> - **Fay Servicing, LLC incorrectly believes the borrower is in default, but the borrower has made all payments as required under the note.**
> - **For each month since Fay Servicing, LLC took over the servicing of this mortgage, the borrower has paid $452.26 as required under the note.**
> - **As a result, Fay Servicing, LLC is incorrect in its accounting and improperly applied two late payments to the account.**

24. The letter went on to demand that Fay correct the error and send Plaintiff a complete payment, transaction, escrow, and account history for the Loan. A copy of that letter is attached hereto as **Exhibit 1**.

25. In response, Fay sent Plaintiff a letter (the Response) dated July 18, 2019, a copy of which is attached hereto as **Exhibit 2**.

26. Fay's Response is riddled with false statements.

27. Fay's Response does not give any substantive explanation for why it believes its accounting is correct, other than to recite the tautology that its records showed the loan as delinquent. Reciting that tautology does not substitute for performing a reasonable investigation of the records to determine where the servicing error was made.

28. Fay's Response also mistakenly ascribes disputes to Plaintiff that he never made in his letter: the Response states Plaintiff's letter made allegations that a foreclosure was initiated without following loss mitigation procedures, that Fay imposed charges for lender-placed insurance, and that Fay failed to provide Plaintiff with an accurate payoff statement. Plaintiff alleged no such errors in his letter. *See* **Exhibit 1**.

29. In sum, Fay misconstrued the nature of his dispute, failed to perform a reasonable investigation of his dispute, and failed to fix the accounting of the Loan. Fay is now falsely accusing Plaintiff of being two months behind on payments, despite the fact he has made one monthly contractual payment for every month since reinstating the loan in April 2016.

30. Because Fay has failed to substantively respond to numerous telephone calls and Plaintiff's dispute letter, he is left with no choice but to file this lawsuit seeking to correct the error and receive compensation for his damages.

## Count I
### Violation of 12 C.F.R. § 1024.35(e) and 12 U.S.C. § 2605(k)(1)(E)

31. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Fay is a mortgage servicer of Plaintiff's federally-related Mortgage Loan.

33. The letter Plaintiff sent to Fay on May 25, 2019, constitutes a Notice of Error for purposes of RESPA and 12 C.F.R. § 1024.35(e), it contained sufficient particular information to allow Fay to identify the borrower, and it provided sufficient detail about the error to allow Fay to investigate and correct it.

34. Plaintiff sent his May 25, 2019 letter to the appropriate address designated by Fay to receive Notices of Error, and Fay in fact received and responded to his letter.

35. Fay failed to conduct a reasonable investigation in response to Plaintiff's letter dated May 25, 2019, and failed to correct the error identified by Plaintiff.

36. As a direct result of Fay's failure to investigate Plaintiff's dispute and correct the error, Plaintiff suffered actual damages: Plaintiff was forced to spend money on postage and copies to send the dispute letter to Fay, and to make copies of records for counsel undersigned to review; the amount due on his account has accrued additional fees and interest that is allegedly due and owing; and Plaintiff has experienced extreme stress, frustration, anxiety, and fear that Fay would wrongfully institute foreclosure proceedings which account for compensable emotional distress damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Fay Servicing, LLC as follows:

    I.    Actual damages in an amount to be determined at trial;

    II.    Statutory Damages insofar as Defendant is shown to have engaged in a pattern or practice of conduct that violates RESPA and Regulation X;

    III.    Attorney's fees, costs, and expenses; and

    IV.    Any other relief this Court finds just.

Respectfully submitted,

Jeffrey E. MacDonald

By:

*s/Steven J. Uhrich*
Steven J. Uhrich (6310369)
Uhrich Law, P.C.
1 N. State Street, Suite 1500
Chicago, IL 60602
p: 773-969-6337
f: 773-496-6968
steven@uhrichlawpc.com

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

_s/Steven J. Uhrich_

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that any defendant named above take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any named defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of any defendant.

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that counsel for Plaintiff claims a lien upon any recovery herein for any attorney's fees authorized by the above fee-shifting statutes or awarded by the Court. All rights relating to attorney's fees have been assigned to counsel.